### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MELVIN DUPREE CULVER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:24-cv-704-WKW-CWB |
| | ) |
| **C.O. BISHOP, et al.,** | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff initiated this action pursuant to 18 U.S.C. § 1983 while confined at the Houston County Jail. (*See* Doc. 1). After certain materials were returned to the clerk of court as "Return To Sender, Attempted - Not Known, Unable To Forward" (*see* Doc. 10), the court directed Plaintiff to file notice of his updated address by January 10, 2025 or show cause why the action should not be dismissed for failure to prosecute (*see* Doc. 11). Plaintiff further was cautioned that "a failure to timely respond to this Order will result in a recommendation by the Magistrate Judge that the action be dismissed." (*Id*.). The court's Order in that regard likewise was returned and marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (Doc. 12 at p. 1).

The Magistrate Judge views Plaintiff's failure to update the court with his current address or otherwise monitor the status as reflecting a lack of interest in the prosecution of this case, which cannot proceed absent Plaintiff's active participation. The Magistrate Judge finds that Plaintiff's failure to comply with the court's directives or respond by the imposed deadline constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.*,

where Plaintiff failed to take action notwithstanding being warned about a potential dismissal. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (stating that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (observing that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned). Accordingly, it is now the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **January 28, 2025**. An objecting party must identify the specific portions of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be taken only as to an appealable Order entered by the District Judge.

**DONE** this the 14th day of January 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**